COPY
JUDGE CHIN
07 CV 5743

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of
ARBITRATION OF DISPUTES

between

LAUNDRY, DRY CLEANING WORKERS AND ALLIED
INDUSTRIES HEALTH FUND, UNITE HERE!
LAUNDRY, DRY CLEANING WORKERS AND ALLIED
INDUSTRIES RETIREMENT FUND, UNITE HERE!
Petitioners,

and

MIRON & SONS LINEN, INC.,
Respondent.

PETITION TO CONFIRM
ARBITRATION AWARD

STATE OF NEW YORK    )
                     ) ss.
County of New York   )

The Petition of the Laundry, Dry Cleaning Workers and Allied Industries Health Fund, UNITE HERE! Laundry, Dry Cleaning Workers and Allied Industries Retirement Fund, UNITE HERE! (hereinafter, the "Petitioners"), by their attorney Mark Schwartz, Esq., respectfully shows to this court and alleges that:

1.      I am Counsel to Petitioners herein, the Laundry, Dry Cleaning Workers and Allied Industries Health Fund, UNITE HERE! Laundry, Dry Cleaning Workers and Allied Industries Retirement Fund, HERE! (hereinafter, the "Funds"), and I am duly admitted to practice law before the courts of the State of New York and before this Honorable Court and am fully familiar with the prior proceedings had in this matter. I submit this Petition in support of Petitioners' application for an order confirming the Arbitration Award of Philip Ross (hereinafter, the "Arbitrator"), dated January 29, 2007.

2.      The Funds with their sole office at 275 7th Avenue, 7th Floor, New York, New York 10001, sponsor employee benefit plans within the meaning of Section 3 (3), of the Employee Retirement Income Security Act of 1974, as amended (hereinafter, "ERISA"), 29 U.S.C. 1002 (3), established pursuant to an Agreement and Declaration of Trust and by Collective Bargaining Agreements entered into between the Amalgamated Service Allied Industries Joint Board of the Amalgamated Clothing and Textile Workers Union, AFL-CIO, CLC, presently known as the Union of Needletrades, Industrial and Textile Employees, AFL-CIO, CLC UNITE HERE (hereinafter, the "Union"), and employers engaged in the

cleaning and dyeing industry. The Health Fund was created to provide welfare and health benefits to eligible employees of contributing employers. The Retirement Fund was created to provide retirement benefits to eligible employees of contributing employers. Employer contributions and income earned thereupon are the sole source of funding. The employees themselves do not contribute to the Funds through union dues or otherwise.

3. Miron & Sons Linen, Inc. (hereinafter, the "Respondent"), 310 Walton Avenue, Bronx, New York 10451, is a party to a Collective Bargaining Agreement (hereinafter CBA) and Supplemental Agreement thereto, with the Amalgamated Service and Allied Industries Joint Board of the Union. The Supplemental Agreement obligates the Respondent to make contributions to the Funds, based upon stated percentages of its gross payroll and additionally to submit to the Health Fund premiums on behalf of eligible spouses of employees covered by the CBA. The Supplemental Agreement further obligates the Respondent to make available to the Petitioner payroll records required for the determination of Respondent's liability to the Petitioner.

4. A dispute has arisen concerning Respondent's obligation to contribute to the Funds for the period of 12/01/06 – 01/26/07 and Respondent's failure to furnish to the fund payroll books and records to the Fund for the period of 01/01/02 thru present.

5. Pursuant to the CBA, the dispute was referred to Arbitrator for arbitration on January 29, 2007.

6. At the January 29, 2007 Arbitration, Petitioners presented the following evidence to the Arbitrator Ross:

    a. The provisions of the CBA obligating Respondent to make employee benefit contributions to Petitioners and obligating the parties to arbitrate disputes, including disputes over delinquent employee benefit fund contributions;

    b. The Notice of Intention to arbitrate, which was served on Respondent on January 8, 2007;

    c. A subpoena duly served on Respondent, on January 8, 2007 requiring Respondent to produce all books and records necessary to compute the exact sum owing to Petitioners by Respondent; and

    d. An exhibit showing that the Respondent had previously made contributions to the Petitioners and that the Respondent contributed at the rate of $1,543.55 per week. The exhibit further illustrated that the period for which the award was sought was 8 weeks resulting in an estimated liability of $12,348.40, which was awarded by the Arbitrator. The Petitioners also proved to the Arbitrator that the Respondent had failed to produce it's books and records as required by the subpoena so that an award based on an average of Respondent's prior contributions was proper.

7. As the record presented to the arbitrator is a sufficient basis for the Award, the instant petition complies with the standard for petitions to confirm established in D.H. Blair & Co., Inc. –v.- Gottdiener, 462 F.3d 95 (2d Cir. 2006).

8. After considering the evidence presented at the hearing, the Arbitrator, Philip Ross, issued an Arbitration Award directing the Respondent to pay the delinquent contributions in the amount of $12,348.40, plus interest, liquidated damages and incidental costs, for a total award of $15,135.30 and directing the Respondent to produce to the Petitioners payroll records for the period from 01/01/02 through present, including but not limited to social security quarterly reports, weekly payroll journals, state employment insurance records, cash disbursements book, quarterly reports and any other books or records which are required to determine if all covered employees are being paid proper wage rates; if all employees are being paid for all contractual holidays, vacation and sick days; if contractual wage increases are paid in a timely fashion and if contributions are made to the Health, Pension and Legal Services Fund to determine Respondent's liability to the Petitioners through the date of hearing. (hereinafter, the "Arbitration Award"). A copy of the Arbitration Award is annexed hereto as **Exhibit A**.

9. On February 5, 2007, the Petitioners served a copy of the Arbitration Award on Respondent, by regular mail and an additional copy by certified mail return receipt requested, No. 7006 2150 0000 7834 6681.

10. Respondent thereafter satisfied the monetary damages included in the award but has failed to comply with the award directing Respondent to produce books and records to the Petitioners.

11. This Court has jurisdiction over Respondent pursuant to Section 502 (f) of ERISA.

12. A copy of the Fund's Plan Rules is annexed hereto as **Exhibit B**. The Plan Rules provide for interest at the rate 18% per annum and for liquidated damages at the rate of 20% on the delinquent contributions. This is in accordance with ERISA section 502 (g) (2), 29 USC 1132 (g) (2), which provides for interest, liquidated damages, costs and attorney fees in actions to recover delinquent contributions. Accordingly, the Arbitrator, in this matter, awarded interest at such rate through the date of Arbitration Award.

**WHEREFORE**, Petitioners pray for an order and judgment confirming the Arbitration Award, ordering Respondent to produce and make available for review by the petitioners during normal business hours copies of all payroll records for the period from 01/01/02 through present, including but not limited to social security quarterly reports, weekly

payroll journals, state employment insurance records, cash disbursements book, quarterly reports and any other books or records which are required to determine if all covered employees are being paid proper wage rates; if all employees are being paid for all contractual holidays, vacation and sick days; if contractual wage increases are paid in a timely fashion and if contributions are made to the Health, Pension and Legal Services Fund to determine Respondent's liability to the Petitioners through the date of hearing.

Dated: June 14, 2007
      New York, New York

                                  Mark Schwartz - MS-0148
                                  Attorney for Petitioners
                                  730 Broadway, 10th Floor
                                  New York, New York 10003-9511
                                  (212) 539-5275

Case 1:07-cv-05743-DC    Document 1    Filed 06/18/2007    Page 5 of 10

**EXHIBIT A**

|  |  |
|---|---|
| In the Matter of<br>ARBITRATION OF DISPUTES<br><br>Between<br><br>LAUNDRY, DRY CLEANING WORKERS AND<br>ALLIED INDUSTRIES HEALTH FUND, UNITE HERE!<br>LAUNDRY, DRY CLEANING WORKERS AND<br>ALLIED INDUSTRIES RETIREMENT FUND, UNITE HERE!<br>Petitioners,<br><br>And<br><br>MIRON & SONS LINEN, INC.,<br>Respondent. | FINDINGS AND AWARD<br>07 – 06 – R |

Due notice having been given to the parties, a hearing was held before the undersigned in New York City on January 29, 2007

APPEARANCES:

| | |
|---|---|
| The Arbitrator: | Dr. Philip Ross |
| For the Petitioners: | Mark Schwartz, Esq.<br>Ms. Rose-Magallie Maitre<br>Mrs. Evelyn Soto<br>Mr. Keith Hawkins |
| For the Respondent: | No Appearance |

### FINDINGS

This proceeding was instituted by the service of a statutory Notice of Intention to Arbitrate, in which it was alleged that Miron & Sons Linen, Inc. (hereinafter, the "Respondent"), has entered into a written Collective Bargaining Agreement (hereinafter, the "Agreement"), with the Amalgamated Service and Allied Industries Joint Board, of the Amalgamated Clothing and Textile Workers Union, AFL-CIO, CLC, presently known as Amalgamated Service and Allied Industries Joint Board of UNITE HERE (hereinafter, "Union"), in which, pursuant to applicable law, the Respondent was notified that unless it applied to stay the proposed arbitration within 20 days after the service of the aforesaid Notice, it would be barred from putting in issue the making

of the said Agreement and its failure to comply therewith. More than 20 days have elapsed since the service of the aforesaid Notice at the time of the hearing in this proceeding held as above stated, and no application to stay this proceeding has been made by the Respondent.

On the basis of the aforesaid Notice of Intention to Arbitrate, Respondent's failure to apply to stay this proceeding, and other evidence submitted, I find that, as alleged by the Laundry, Dry Cleaning Workers and Allied Industries Health Fund, UNITE HERE! Laundry, Dry Cleaning Workers and Allied Industries Retirement Fund, UNITE HERE! (hereinafter, the "Petitioners"), the Respondent entered into the Agreement with the Union that, among other things, this Agreement provides that the Respondent is regularly to pay a stated percentage of its payroll to the Laundry, Dry Cleaning Workers and Allied Industries Health Fund, UNITE HERE! Laundry, Dry Cleaning Workers and Allied Industries Retirement Fund, UNITE HERE! (hereinafter, the "Fund"). These payments are commonly known as contributions.

The Agreement further provides as follows:

> The Employer shall furnish to the Trustees, upon request, such information and reports as they may require in the performance of their duties under any of the agreements and declarations of trust.

A subpoena was duly served on the Respondent directing it to provide to the Petitioners at the Offices of the Union on January 29, 2007 all its payroll records for the period from 01/01/02 through present, including but not limited to social security quarterly reports, weekly payroll journals, state employment insurance records, cash disbursements book, quarterly reports and any other books or records which are required to determine if all covered employees are being paid proper wage rates; if all employees are being paid for all contractual holidays, vacation and sick days; if contractual wage increases are paid in a timely fashion and if contributions are made to the Health, Pension and Legal Services Fund to determine your liability to the Petitioners through the date of hearing.

From the evidence made available to me, I find that the Respondent failed to make the following contributions for the period of 12/01/06 through 01/26/07 in the amount of $12,348.40; that demand for payment was duly made and refused and that there is now due and owing from the Respondent to the Petitioners the sum of $12,348.40 for delinquent contributions.

2

The Award which follows does not intend to and does not include any sums that may be due to the Petitioners for any period other than stated above nor for any sums due to the Petitioners for the period stated above, and which would be shown upon an audit of the Respondent's books and records for such period, the results of such an audit not being available to me as Arbitrator due to Respondent's failure to comply with the Subpoena directed to it.

The Funds Plan Rules provide that:

> The Fund shall, in all proceedings brought to collect delinquent contributions and/or audit deficiencies seek, in addition to said delinquent contributions and/or audit deficiencies:
>
> a) Interest at the rate of 18% and all sums due.
> b) Liquidated damages equal to 20% of the delinquent contributions.
> c) Attorney's fees, audit fees and costs of the proceedings.
> d) Such other legal and equitable relief as deemed appropriate.

The Respondent having failed to perform and comply with the terms and provisions of the Agreement, as herein above found, and such default having resulted in expenditures for the Petitioners, I further direct that the Respondent pay to the Petitioners, such expenditures as follows, each of which I find to be reasonable in amount: legal fees, $100.00; auditing and accounting costs, $32.00; for total costs of $132.00.

In addition, I direct that in compliance with the Fund's Plan Rules and the provisions of ERISA, Section 502 (g) (2), the Respondent pay to the Petitioner interest on the unpaid contributions "at a rate of 18%" plus "liquidated damages equal to 20% of the delinquent contributions." Therefore, I direct that in accordance with the statutory formula, Respondent pay Petitioners the sum of $185.22, in interest on delinquent contributions which sum is hereby awarded against the Respondent in favor of the Petitioner and further that Respondent pay Petitioner the sum of $2,469.68, as liquidated damages which sum is hereby awarded against the Respondent in favor of the Petitioner.

## AWARD

Accordingly, it is hereby determined and awarded as follows: there is due and owing from the Respondent to the Petitioners payroll records for the period from 01/01/02 through present, including but not limited to social security quarterly reports, weekly payroll journals,

state employment insurance records, cash disbursements book, quarterly reports and any other books or records which are required to determine if all covered employees are being paid proper wage rates; if all employees are being paid for all contractual holidays, vacation and sick days; if contractual wage increases are paid in a timely fashion and if contributions are made to the Health, Pension and Legal Services Fund to determine your liability to the Petitioners through the date of hearing. The sum of $12,348.40, by way of unpaid contributions; the sum of $185.22, by way of interest provided for under ERISA, Section 502 (g) (2); the sum of $2,469.68, by way of liquidated damages provided for under ERISA, Section 502 (g) (2), the sum of $32.00 for Auditor's fees and costs; and the sum of $100.00, for legal fees; for a total amount of $15,135.30, which total amount is hereby awarded against the Respondent in favor of the Petitioner and which total amount the Respondent is to pay Petitioners forthwith

Dated: 1/29/07
New York, New York

PHILIP ROSS, ARBITRATOR

**EXHIBIT B**

## PLAN RULES WITH RESPECT TO THE COLLECTION OF DELINQUENT CONTRIBUTIONS

1. Contributions are due and owing to the Fund on a weekly basis and must be received by the fund no later than four weeks from the end of each work period for those employers who pay their employees on a weekly basis. For employers who pay their employees on a biweekly basis contributions must be received by the Fund no later than three weeks from the end of each work week period.

2. When an employer's weekly contribution is not received when due a notice of delinquency is sent to the employer. (Delinquency notice #1)

3. If after 10 business days an employer has not cured its delinquency a second notice of delinquency is sent to the employer. (Delinquency notice #2)

4. When an employer is delinquent three weeks beyond the grace period (seven weeks delinquent for employers who pay their employees on a weekly basis and six weeks delinquent for employers who pay their employees on a biweekly basis) the Fund shall serve a notice of intent to arbitrate against the employer, or initiate litigation in federal or state court.

5. The Trustees shall have the authority to suspend the payment of health and welfare benefits to the employees of any employer who is deemed delinquent in accordance with these rules.

6. Pursuant to the Employee Retirement Income Security Acct of 1974 as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("ERISA"), the Fund shall, in all proceedings brought to collect delinquent contributions and/or audit deficiencies seek, in additions to said delinquent contributions and/or audit deficiencies.

    a) Interest at the rate of 18% on all sums due

    b) Liquidated damages equal to 20% of the delinquent contributions

    c) Attorney's fees, audit fees and costs of the proceeding.

    d) Such other legal and equitable relief as deemed appropriate.

Interest shall accrue from the date upon which the obligation first became delinquent.